IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| THOMAS R. MONTGOMERY, | ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-299-M |
| SHANE WYATT, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

Thomas Montgomery, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter has been referred to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Having reviewed Plaintiff's Complaint (ECF No. 1), it is recommended that this action be **DISMISSED**.

I. **BACKGROUND**

According to Plaintiff's Complaint, the claims asserted arise out of his incarceration at the Grady County Detention Center ("GCDC") from 2009-2010 and May 5, 2011-March 26, 2013. (ECF No. 1:4-6). The named Defendants in both their individual and official capacities are Shane Wyatt, GCDC Warden; Larry Crab, GCDC Captain; Meeks, GCDC Lieutenant; Bill Doughtry, GCDC Lieutenant; Jason Carpenter,

GCDC Lieutenant; and the GCDC. (ECF No. 1:1-3). By his Complaint, Plaintiff alleges violations of his Fourth, Eighth and Thirteenth Amendment rights based on unsafe and inhumane living conditions at the GCDC, as well as violations of due process and a state law claim of negligence. (ECF No. 1:4-7).

Plaintiff contends that during his incarceration at the GCDC he was exposed to unsanitary water for shower and consumption, black mold, inadequate ventilation and plumbing, asbestos, cockroaches, spider infestations, raw sewage in the shower, trustees urinating in the water provided for inmates' consumption, lack of recreation time, mattresses that were only one inch thick, and restrictions on ability to use the telephone. (ECF No. 1:5-6). Additionally, Plaintiff was placed in the same unit as convicted federal inmates who were part of the Mexican Mafia and the Aryan Brotherhood. (ECF No. 1:6). He got into physical altercations with these gang members, leading to a back injury and for which he was refused chiropractic care. (ECF No. 1:6). Finally, Defendant Carpenter repeatedly opened Plaintiff's outgoing mail and on occasion, confiscated its contents. (ECF No. 1:3, 6).

## II. SCREENING

A district court has an obligation to screen cases for merit pursuant to 28 U.S.C. § 1915A(a). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court to screen cases in which plaintiff is proceeding *in forma pauperis*). The § 1915A screening requirement applies to any prisoner who brings suit against a governmental entity, officer, or employee. *Id.* Under these provisions, a court shall dismiss the case if the action is

frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See, e.g. Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).

Rule 8(a) of the Federal Rules of Civil Procedure informs the inquiry required when screening a complaint. Rule 8 requires a complaint to set forth a short and plain statement of the grounds for jurisdiction, the claim for relief, and a demand for the relief sought. A pleading must include facts sufficient to provide the opposing party with fair notice of what the claim is and the grounds upon which it rests. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). A complaint must also contain sufficient factual allegations to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

### III. ANALYSIS

#### A. Claims against Defendants in their Official Capacities

Plaintiff states in his Complaint that he intends to name each Defendant, all of whom were purportedly employed with the Grady County Detention Center, in both

3

their individual and official capacities. (ECF No. 1:1-2, 3). Additionally, he requests only monetary damages. (ECF No. 1:8). "To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Neither a state, a state agency, nor an official of the State acting in his or her official capacity, is a "person" for purposes of § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 71 (1989). *See also Branson School District RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) (when suit is brought against a state official in his official capacity, the real party in interest is the state). Eleventh Amendment sovereign immunity precludes suits against states, state agencies and state officials sued in their official capacities.

Unlike other jurisdictional issues, a state may waive the defense of sovereign immunity. The State of Oklahoma has not, however, waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994). It is therefore recommended that all claims against Defendants in their official capacities be dismissed with prejudice.

### B. Claims Against the Grady County Detention Center

It is further recommended that any claims against the GCDC be dismissed. Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is

4

located. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. Thus, the GCDC cannot be sued in this Court and any claims against it should be dismissed with prejudice. *Lindsey v. Thomson,* No. 06–7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department because they are entities with no apparent legal existence); *see e.g. White v. Utah,* No. 00–4109, 2001 WL 201980 at *1 (10th Cir. March 1, 2001) (affirming dismissal of county jail because no state law supported directing a cause of action directly against a county's subdivisions, including its jails).

### C. Remaining Claims

Plaintiff's remaining claims are his state law claim of negligence and his § 1983 claims against the Defendants in their individual capacities. The period of limitations for an action under 42 U.S.C. § 1983 is governed by the forum state's law for personal injury actions. *Gee v. Pacheco*, 627 F.3d 1178, 1189–90 (10th Cir. 2010) ("The forum state's statute of limitations for personal-injury actions sets the limitations period for § 1983 actions." (citation omitted)). In Oklahoma, the limitations period is two years for personal injury and/or negligence actions. Okla. Stat. tit. 12, § 95(A)(3).

The date a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). A plaintiff "need not have conclusive evidence of the

cause of an injury in order to trigger the statute of limitations." *Alexander v. State*, 382 F.3d 1206, 1216 (10th Cir. 2004). Additionally, a plaintiff need not "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). (quotation omitted). The test is an objective one, with the focus "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216.

Plaintiff asserts a state law negligence claim as well as § 1983 claims purportedly based upon the Fourth, Eighth and Thirteenth Amendments[1] and arising from the alleged conditions of confinement and events that allegedly occurred during his incarceration in 2009-2010 and from May 5, 2011-March 26, 2013. (ECF No. 1:4-6, 8). Each of these claims would fall under the two-year statute of limitations applicable to § 1983 claims. *See* Okla. Stat. tit. 12, § 95(A)(3); *McKinley v. Wall*, No. CIV–10–886–D, 2011 WL 767314, at *2 (W.D. Okla. Jan. 27, 2011). Plaintiff did not file the present action until March 20, 2015. Thus, the only timely claims Plaintiff can assert are those

---

[1] The undersigned would note that the Thirteenth Amendment to the United States Constitution abolished slavery and involuntary servitude. U.S. CONST. amend. XIII, § 1 ("Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.") Based on Plaintiff's overall allegations, it seems likely Plaintiff intended to assert violations of the Fourteenth Amendment, which, *inter alia*, guarantees rights to due process.

related to the existing conditions of confinement and/or events that occurred between March 20, 2013 and March 26, 2013.

While claims based on these seven days may be timely, in order to survive the screening process, Plaintiff must also expressly state the unlawful actions of each Defendant who he claims violated his constitutional rights. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating that personal participation is an essential allegation in a § 1983 action). Additionally, in an individual-capacity suit, the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation; it must allege a supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). With regard to the unlawful actions of each Defendant, Plaintiff sets forth only general allegations that the named Defendants subjected inmates to unsafe and inhumane living conditions, with the exception of Defendant Carpenter who Plaintiff specifically claims tampered with his outgoing mail, occasionally confiscating its contents. (ECF 1:1-3). Plaintiff's vague allegations fall short of those needed to state a claim against these Defendants.

This defect could be cured by amendment, and dismissal with leave to amend is recommended, but Plaintiff must be aware of the pleading requirements applicable to a case such as this. Although Federal Rule of Civil Procedure 8(a)(2) requires only a short

and plain statement of the claim showing that the pleader is entitled to relief, it is well-established in this Circuit that because § 1983 defendants often include a governmental entity and numerous state actors, "it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her...." *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 921–22, n.9 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)) (emphasis in original). "To provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of 'each defendant.'" *Id.* Accordingly, and in light of the applicable statute of limitations, it is recommended that Plaintiff's remaining claims be dismissed with leave to amend his Complaint.

## RECOMMENDATION

It is recommended that Plaintiff's claims based on existing conditions of confinement and/or events that occurred between March 20, 2013 and March 26, 2013 be **DISMISSED without prejudice**. The undersigned further recommends that in light of the applicable statute of limitations, Plaintiff be directed to file an Amended Complaint within twenty (20) days of any Order adopting this Report and Recommendation, only insofar as he attempts to amend his claims in accordance with the identified relevant time period.

It is further recommended that all claims against Defendants in their official capacities and against the Grady County Detention Center be **DISMISSED with**

**prejudice** for failure to state a claim upon which relief can be granted. Finally, it is recommended that Plaintiff's claims for the existing conditions of confinement and/or events that occurred during his confinement at the GCDC prior to March 20, 2013 be **DISMISSED with prejudice** as untimely.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **June 15, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on May 28, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE