# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS R. MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-299-M |
| | ) | |
| SHANE WYATT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 28, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this action brought pursuant to 42 U.S.C. § 1983, alleging a violation of plaintiff's constitutional rights. The Magistrate Judge recommended that (1) plaintiff's claims based on existing conditions of confinement and/or events that occurred between March 20, 2013 and March 26, 2013 be dismissed without prejudice and that in light of the applicable statute of limitations, plaintiff be directed to file an amended complaint within twenty (20) days of any order adopting the Report and Recommendation, only insofar as he attempts to amend his claims in accordance with the identified relevant time period; (2) all claims against defendants in their official capacities and against the Grady County Detention Center be dismissed with prejudice for failure to state a claim upon which relief can be granted, and (3) plaintiff's claims for the existing conditions of confinement and/or events that occurred during his confinement at the Grady County Detention Center prior to March 20, 2013 be dismissed with prejudice as untimely. Plaintiff was advised of his right to object to the Report and Recommendation by June 15, 2015. A review of the file reveals no objection has been filed.

Upon de novo review, the Court finds that the Report and Recommendation should only be adopted in part. Specifically, the Court finds that plaintiff's claims against defendants in their

official capacities should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. While Eleventh Amendment sovereign immunity precludes suits against states, state agencies, and state officials sued in their official capacities, the individual defendants in the instant action are all employees of the Grady County Detention Center, and as such are county employees/officials and not state employees/officials. However, the Court finds that plaintiff's claims against defendants in their official capacity for the existing conditions of confinement and/or events that occurred during plaintiff's confinement at the Grady County Detention Center prior to March 20, 2013 should be dismissed with prejudice as untimely, for the reasons set forth in the Report and Recommendation.

Accordingly, the Court:

(1) ADOPTS IN PART the Report and Recommendation [docket no. 9] issued by the Magistrate Judge on May 28, 2015;

(2) DISMISSES without prejudice plaintiff's claims based on existing conditions of confinement and/or events that occurred between March 20, 2013 and March 26, 2013 and in light of the applicable statute of limitations, DIRECTS plaintiff to file an amended complaint, only insofar as he attempts to amend his claims in accordance with the identified relevant time period, within twenty (20) days of the date of this Order;

(3) DISMISSES with prejudice plaintiff's claims against the Grady County Detention Center for failure to state a claim upon which relief can be granted; and

(4) DISMISSES with prejudice plaintiff's claims for the existing conditions of confinement and/or events that occurred during his confinement at the Grady County Detention Center prior to March 20, 2013 as untimely.

**IT IS SO ORDERED this 26th day of June, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE